FILED

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 FEB 18 AM 10: 52

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| NATHANIEL PASLEY, | } | |
| Plaintiff, | } | |
| v. | } | CASE NO. CV 98-B-3132-S |
| A.P. GREEN INDUSTRIES, INC., et al., | } | |
| Defendants. | } | |

ENTERED

FEB 18 1999

## MEMORANDUM OPINION

This case is before the court on the Motion to Remand filed by the plaintiff. Plaintiff argues that because Count II of the First Amended Complaint filed in state court on December 21, 1998, makes a claim for workers' compensation benefits, removal to this court is barred by 28 U.S.C. § 1445(c). Upon consideration of the Motion, the opposition filed by defendant, the record in this case and the relevant law, the court is of the opinion that the Motion to Remand is due to be granted.

### Procedural History

Plaintiff filed suit against defendant[1] in the Circuit Court of Jefferson County on November 30, 1998, in a one count Complaint, containing allegations of outrage and fraud. On December 17, 1998, defendant A.P. Green Industries, Inc. filed a Notice of Removal and Answer in this court. The Notice of Removal to the United States District Court was not filed in the Circuit Court of Jefferson County until January 19, 1999. On December 21, 1998, plaintiff filed a First Amended Complaint with the Circuit Court of Jefferson County. The

---

[1]Named as defendants are A.P. Green Industries, Inc. and fictitious defendants.

First Amended Complaint included allegations for workers' compensation benefits. On January 15, 1999, unaware of the removal petition, the Circuit Court of Jefferson County allowed the petition for workers' compensation benefits and authorized the employment of an attorney to represent the plaintiff on his workers' compensation claim arising out of his employment with the defendant.

## DISCUSSION

28 U.S.C. § 1446 sets forth the procedure for removal and provides in pertinent part as follows:

>   (a)   A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
>   (d)   Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties **and shall file a copy of the notice with the clerk of such State court, which shall effect the removal** and the State court shall proceed no further unless and until the case is remanded. (Emphasis added).

28 U.S.C. § 1446(d) requires that a notice of removal be filed promptly with the state court. As noted in *Resolution Trust Corp. v. Nernberg*, 3 F.3d 62, 69 (3rd Cir. 1993), "[t]he requirement of notice to the state court is an important part of the removal process and has been held necessary to terminate the state court's jurisdiction."

As set forth above, although the Notice of Removal was filed in this court on December 17, 1998, defendant did not file the Notice of Removal with the state court until January 19, 1999. The court recognizes that failure of notice to the state court is a procedural

2

defect that does not defeat federal jurisdiction. However, as noted in *Peterson v. BMI Refractories*, 124 F.3d 1386, 1395 (11th Cir. 1997), "a federal court might be justified in granting a timely motion to remand under 28 U.S.C. § 1447 on the grounds of such a defect."

In *Anthony v. Runyon*, 76 F.3d 210 (8th Cir. 1996), the court held that the district court was bound to consider an amended state court complaint which plaintiffs filed in state court after the defendants filed a notice of removal in federal court, but before they filed notice of removal in state court. The court held in part:

> The Anthonys first argue that the district court erroneously refused to consider their amended state-court complaint. The court ignored the new complaint because it was filed after the defendants filed a notice of removal in the federal court. The court reasoned that filing the notice of removal in the federal court effected the removal, and therefore, that the "plaintiffs' attempt to amend the complaint in state court is without significance, and is not part of the record in this Court." **The Anthonys contend, however, that the removal did not become effective until the defendants filed the notice of removal in the state court. Because the Anthonys filed their amended complaint the day before that notice of removal was filed, they argued that the district court was bound to consider it. We agree.**

*Id.* at 213. (Emphasis added).

This case was not effectively removed until January 19, 1999, when notice of removal was finally provided to the state court. Unfortunately for the defendant, by that date, plaintiff's complaint had been amended to include a claim for benefits under Alabama's Workers' Compensation Act. Because the First Amended Complaint, which sets forth the workers' compensation claim, was filed in state court prior to the filing of the Notice of Removal in the state court, this court must consider the First Amended Complaint in

determining the propriety of the removal.

Under 28 U.S.C. § 1445(c), "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to the district court of the United States." Count II of the First Amended Complaint filed in state court on December 21, 1998, asserts a claim for benefits under the "Workers' Compensation Act of the State of Alabama." Because this claim was pending at the time defendant gave notice to the state court of the removal, defendant was precluded by 28 U.S.C. § 1445(c) from removing this action to federal court.

Plaintiff's Motion to Remand is due to be granted. An Order granting plaintiff's Motion to Remand will be entered contemporaneously with this Opinion.

**DONE** this  18th  day of February, 1999.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge

4